UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| MONIQUE SMITH | ) | |

ORDER

Pending before the Court is a Motion To Dismiss Indictment (Docket No. 526), filed by Defendant Monique Smith, pro se, and the Government's Response (Docket No. 532) thereto.

Through the Motion, Defendant Smith argues that the Second Superseding Indictment (Docket No. 370) in this case added new and different charges against him in violation of Rule 7(e) of the Federal Rules of Criminal Procedure. Rule 7(e) relates to the amendment of an "information," and therefore, does not apply to issuance of the Second Superseding Indictment. Therefore, Defendant's argument that the Second Superseding Indictment is void on that basis is without merit.

Defendant Smith also argues that the language contained in Count One of the Second Superseding Indictment is defective because it does not adequately charge a conspiracy. Rule 7(c) of the Federal Rules of Civil Procedure provides that an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Count One of the Second Superseding Indictment is more than four pages long, and charges a violation of the drug conspiracy statute, 21 U.S.C. § 846, by tracking the language of the statute, stating the elements of the offense, providing the date range of the conspiracy, naming eleven co-conspirators, and describing the objects of the alleged conspiracy, and the manner and means of

the alleged conspiracy.  (Docket No. 370).  Defendant Smith has not suggested a basis for concluding that Count One does not adequately charge a drug conspiracy.

To the extent Defendant Smith contends that the Government will be unable to prove the elements of Count One, he has not suggested a basis for the Court to make that determination prior to the jury trial in this case. See, e.g., United States v. Short, 671 F.2d 178, 183 (6th Cir.1982) ("[T]he prosecution's evidence is tested at trial, not in a preliminary proceeding.").

Finally, to the extent Defendant contends his Speedy Trial rights were violated when the Court granted the request of a co-defendant for a continuance of the trial, he has not suggested a basis for such a finding. See, e.g., 18 U.S.C. § 3161(h)(7); United States v. Butz, 982 F.2d 1378, 1380-82 (9th Cir. 1993)(excludable delay for one defendant under Section 3161(h)(8)(A) applies to all co-defendants under Section 3161(h)(7)); United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982)(same); United States v. Edwards, 627 F.2d 460, 461 (D.C.Cir. 1980)(same).  See also United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986)(an exclusion applicable to one defendant applies to all co-defendants).

As Defendant has failed to set forth a valid basis for dismissing the Second Superseding Indictment, the Motion To Dismiss is DENIED.

It is so ORDERED.

                                           _Todd Campbell_
                                           TODD J. CAMPBELL
                                           UNITED STATES DISTRICT JUDGE