UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| MONIQUE SMITH | ) | |

ORDER

Pending before the Court is Monique Smith's Motion To Dismiss Indictment And Memorandum Of Law In Support Thereof (Docket No. 621), and the Government's Response (Docket No. 632) thereto.

Through the Motion, the Defendant requests that the Court dismiss the Third Superseding Indictment because the Government has violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963) with regard to the disclosure of information about a law enforcement officer, John Edwards, who was convicted of corruption crimes in February, 2012. The Defendant contends that the Government did not disclose information about Mr. Edwards until approximately April, 2012. According to the Defendant, this disclosure took place after a hearing at which the Government stated that it had complied with its discovery obligations.

In its Response, the Government indicates that its first disclosure of information regarding Mr. Edwards took place on December 13, 2011, and that Mr. Edwards had minimal involvement regarding the charges against Defendant Smith. The Government argues that, in any event, the Defendant has failed to prove a Brady violation that would support dismissal of the charges against him.

Brady imposes a constitutional obligation on the prosecution in a criminal case to disclose to the defendant all exculpatory and impeachment evidence. See, e.g., Robinson v.

Mills, 592 F.3d 730, 735 (6th Cir. 2010). To establish a Brady violation, the defendant must show: (1) that the evidence in question is favorable; (2) that the government suppressed the relevant evidence, either purposefully or inadvertently; and (3) that the government's actions resulted in prejudice. Id. Brady material need only be disclosed in time for its effective use at trial. See, e.g., United States v. Kuehne, 547 F.3d 667, 698 (6th Cir. 2008).

Even if the Court assumes that the information at issue is favorable to the Defendant, the Defendant has not shown any delay in disclosure of the information has resulted in prejudice to his defense. Trial in this case is set for October 9, 2012, and the Defendant's own version of events indicates that he will have had the information for six months by the time the trial begins. Under these circumstances, the Defendant has failed to establish a Brady violation, and his request to dismiss the Third Superseding Indictment is DENIED.

Also pending before the Court is Monique Smith's Motion For Additional Peremptory Challenges And The Right To Exercise These Challenges Independently After Consultation (Docket No. 622), and the Government's Response (Docket No. 631) thereto. The Court RESERVES ruling on this Motion until the Pretrial Conference in this case.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE