UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA          )
                                  )
              v.                  )    NO.  3:11-00194-3
                                  )
JEFFREY JERMAINE BENSON           )

## MEMORANDUM AND ORDER

Pending before the Court are two motions filed by defendant: Motion to detain defendant at a facility other than the Davidson County Jail (Docket Entry No. 538) and Motion to Allow Defendant Access to Apple iPod or Similar Device for Discovery Review (Docket Entry No. 539). The Government has filed a response in opposition to defendant's motion to detain defendant at an alternative facility (Docket Entry No. 541).

These two motions have been referred to the undersigned Magistrate Judge for decision (Docket Entry No. 540).

As grounds for his motion, defendant offers a single, bare-bones sentence: "The conditions of the [Davidson County] Criminal Justice Center are inadequate and many of defendant Benson's co-defendants are co-located with him at the CJC." (Docket Entry No. 538 at 1). Defendant's motion fails to identify any specific "conditions," nor does he describe any respects in which he claims they are "inadequate."

In response, the Government states that defendant Benson is charged in this case along with 16 other people, and that the

U.S. Marshals Service does not have enough facilities under contract to house all of these defendants in separate facilities.

The custody of pretrial detainees is entrusted to the U.S. Marshal, and the proper performance of this task involves many considerations of which this Court is not always aware. Therefore, the undersigned Magistrate Judge is, in general, reluctant to intrude upon the Marshal's performance of his duties. Here, in view of defendant Benson's wholly conclusory, nonspecific assertion that unspecified conditions at the Davidson County Criminal Justice Center are somehow "inadequate," the undersigned Magistrate Judge finds that defendant Benson has failed to demonstrate good cause for ordering his transfer to another detention facility. Accordingly, defendant's motion to be detained at a facility other than the Davidson County Jail is DENIED.

In support of his motion to be allowed access to an Apple iPod or similar device for discovery review (Docket Entry No. 539), defendant Benson states that the discovery materials received from the Government include "an extensive amount of wiretap recordings." Defendant Benson further states that he has limited access to computers, and that he is not allotted adequate time to review such a volume of audio by means of compact discs. Defendant states that if this motion is granted, defense counsel will supply an appropriate device to the Davidson County Correctional Facility to be provided to defendant.

No response in opposition to this motion has been filed.

In the absence of any objection, defendant's motion to be allowed access to an Apple iPod or similar device for reviewing discovery materials is GRANTED, subject to any reasonable correctional needs or policies of the facility where defendant is detained. Defense counsel shall record the subject discovery materials only upon an appropriate Apple iPod or similar device and supply that device to the Davidson County Detention Facility for use by defendant Benson. The use of this device shall be subject to any reasonable rules or policies in effect at the detention facility.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge