UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) NO. 3:11-00194-14
)
MONIQUE SMITH )

**MEMORANDUM AND ORDER**

Pending before the Court is defendant Smith's motion for reconsideration of detention order and to reopen detention hearing (Docket Entry No. 514). The Government has responded in opposition to this motion (Docket Entry No. 516).

Defendant's motion has been referred to the undersigned Magistrate Judge for decision (Docket Entry No. 515).

By way of history, defendant Smith was arrested on September 16, 2011, and charged with conspiracy to distribute 280 grams or more of crack cocaine, a quantity of cocaine and a quantity of marijuana in violation of Title 21 of the United States Code, section 846. If convicted, defendant Smith faces a period of imprisonment of not less than 10 years and not more than life, together with a maximum fine of Ten Million Dollars.

The Government moved for pretrial detention (Docket Entry No. 86), and defendant on September 22, 2011, waived his right to a detention hearing but reserved the right to raise the issue of detention later by motion (Docket Entry No. 115).

After defendant Smith later moved for a detention hearing (Docket Entry No. 175), the undersigned Magistrate Judge conducted

a detention hearing on November 14, 2011 (Docket Entry No. 205). Following this hearing, the undersigned ordered defendant Smith detained upon a finding that "there is no condition or combination of conditions that could reasonably assure the safety of the community if defendant Smith were released. As grounds for this finding, I rely upon defendant's extensive criminal history, including multiple weapons convictions, multiple drug convictions, multiple violations of parole and community corrections release and the fact that defendant was on parole from two state drug convictions when arrested on the current charges." (Docket Entry No. 213 at 2). On February 9, 2012, defendant filed his motion for release from custody or, in the alternative, for a detention hearing and his appeal from the earlier detention order by the undersigned (Docket Entry No. 298). This motion was denied by the District Judge (Docket Entry No. 305).

Title 18 of the United States Code, section 3142(f), provides that a detention hearing "may be reopened if the judicial officer finds that information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." As grounds for his present motion to reconsider the detention order and to reopen the detention hearing, defendant Smith states that he now has available

two persons willing to serve as third-party custodians and an employer willing to employ him.

In its response in opposition, the Government argues that at his earlier detention hearing defendant offered proof from a potential employer and a potential third-party custodian, and, therefore, that his current offer is really nothing new. In addition, the Government argues that since defendant Smith's earlier detention hearing on November 14, 2011, he has been charged in a second superseding indictment which adds to his initial drug conspiracy charges additional drug and firearms charges that expose defendant Benson, if convicted, to substantial additional periods of imprisonment and fines.

After due consideration to defendant Smith's motion, the response of the Government, and the entire record in this case, the undersigned Magistrate Judge finds that neither the prospect of a third-party custodian nor that of an employer willing to employ defendant Smith has a material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of the community in this case. Accordingly, the undersigned Magistrate Judge finds that defendant Smith's motion for reconsideration of detention order and to reopen the detention hearing must be DENIED.

As grounds for this ruling, the undersigned Magistrate Judge relies upon the grounds upon which the undersigned detained

3

defendant Smith in the first place, the fact that a potential employer and a third-party custodian were offered at his initial detention hearing, and that he has now been charged with additional drug and gun offenses which subject defendant, if convicted, to significant additional periods of imprisonment and fines. For all of these reasons, defendant Smith's motion for reconsideration of detention order and to reopen the detention hearing must be DENIED.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
