UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| JESSIE LEE ALLEN, et al. | ) | |

### ORDER

The Court held a Pretrial Conference on September 25, 2012 during which the parties were given an opportunity to comment on pending motions, and the parties have filed responses and replies. The Court rules on the following pending motions as set forth herein.

In the Government's Second Motion in Limine Regarding Impeachment of Testifying Witnesses (Docket No. 729), the Government seeks to require the Defendant to comply with Federal Rule of Evidence 609 in cross examining Government witnesses about prior convictions. In his Response (Docket No. 816), the Defendant agrees that Rule 609 will apply to cross examination regarding prior convictions. The Motion is GRANTED, as follows: Defendant may impeach the credibility of Government witnesses with their prior convictions pursuant to Rule 609. The Government shall make contemporaneous objections at trial if the Defendant exceeds the scope of Rule 609 as to impeachment by prior conviction.

Through his Motion in Limine No. 4 (Rumor/Word on the Street) (Docket No. 754), Defendant Smith requests that the Court prohibit the Government from offering "word on the street"-style testimony from witnesses. The Motion is DENIED, as too vague to be ruled on pretrial. The Defendant shall make contemporaneous objections at trial.

Defendant Smith's Motion in Limine No. 5 (Manner and Means of Conspiracy) (Docket

No. 755) seeks to strike the section of the Third Superseding Indictment entitled "Manner and Means of the Conspiracy." The Motion is DENIED. The section at issue helps to organize and explain the charges against the Defendant.

Through his Motion in Limine No. 6 (Lawyers) (Docket No. 756), Defendant Smith seeks to exclude any testimony regarding lawyers being paid with drug money. The Motion is GRANTED in part, and DENIED in part. Defense counsel is appointed and paid with CJA funds. Testimony about how the Vice Lord dues were used is relevant to the charged conspiracy, including the use of such funds for attorneys. Provided, however, the Government cannot introduce any proof or suggest that Defendant's counsel is being paid with drug money.

It is so ORDERED.

                                                TODD J. CAMPBELL
                                                UNITED STATES DISTRICT JUDGE