UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| JESSIE LEE ALLEN, et al. | ) | |

ORDER

The Court held hearings on September 25, 2012 and October 4, 2012 during which the parties were given an opportunity to comment on pending motions, and the parties have filed responses and replies. The Court rules on the following pending motions as set forth herein.

In his Motion to Exclude "Other Acts" Evidence (Docket No. 762), Defendant Smith seeks to exclude evidence regarding "any individual who is not on trial" based on Fed. R. Evid. 404(b). In its Response (Docket No. 786), the Government argues that the evidence the Defendant seeks to exclude is intrinsic to the charged conspiracy, and therefore, does not fall under Rule 404(b). The Motion is DENIED. The Government may introduce the other criminal acts of individuals not on trial that are identified in the Motion so long as such acts are part of and in furtherance of the charged conspiracy. Rule 404(b) does not apply to crimes committed in furtherance of a conspiracy that are intrinsic to the charged offense. The Court also finds under Federal Rule of Evidence 403 that the evidence at issue is more probative than prejudicial.

In his Motion to Exclude Rule 404(b) Evidence (Docket No. 732), Defendant Smith seeks to exclude all his prior convictions. In its Response (Docket No. 778) and in its own Fourth Motion *In Limine* To Introduce Prior Convictions For Distributing Controlled Substances (Docket No. 731), the Government argues that Defendant Smith's prior convictions that it seeks

to admit are as follows: a January 19, 1996 conviction for solicitation to commit the felony of unlawful possession of a controlled substance with intent to manufacture, deliver and/or sell; an August 24, 2006 conviction for possession of .5 grams of cocaine for resale; and an April 14, 2005 conviction for possession with intent to sell 26 grams of cocaine. The Government argues that these convictions are admissible as an element of the felon in possession charge, unless the Defendant elects to stipulate to his felony status.  Alternatively, the Government argues that the convictions are admissible under Rule 404(b) to show specific intent to commit the drug trafficking offenses. The Government contends that the prejudicial effect will be relatively slight because the jury will already know that Defendant Smith is a convicted felon by virtue of the felon in possession count.  Defendant Smith has filed a Response (Docket No. 818) to the Government's Motion in which he argues that admission of the prior convictions would be substantially more prejudicial than probative. At the hearing on October 4, 2012, the Defendant agreed to stipulate to his prior felony status for purposes of the felon in possession charge.

The Motions are GRANTED in part, and DENIED in part, as follows: Since Defendant Smith has agreed to stipulate to a prior felony conviction pursuant to Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the Government may not use the felony convictions to prove the elements of the felon in possession of firearm charge (Count Thirty-Two).  The Government, of course, may use the anticipated stipulation.

The Government may not use Defendant Smith's three drug convictions (1996, 2005 and 2006) under Rule 404(b) to prove "specific intent."  The similarity of the convictions raise "propensity" evidence concerns and are more prejudicial than probative under Rule 403.  The Government has other ways to attempt to prove the "specific intent" of Defendant Smith.  In making its decision, the Court has followed the process set forth in United States v.

Merriweather, 78 F.3d 1070, 1076 (6th Cir. 1996).

The Government's Third Motion in Limine to Exclude Purported Extortion Call (Docket No. 730) seeks to exclude a voice mail recording that the Defendant contends he received on his cell phone in which an FBI agent threatened to send him to jail for life if he did not deliver a million dollars. The Government argues that the voice mail cannot be authenticated, and is not admissible because it is irrelevant and constitutes hearsay. In his Response (Docket No. 814), the Defendant suggests that the authenticity issue has been resolved. The Government subsequently filed an Amended Third Motion In Limine (Docket No. 815) indicating that it still objects to admissibility of the recording based on authenticity concerns, hearsay and relevance.

At the hearing on October 4, 2012, counsel for Defendant stated that the purpose for which the recording would be offered depended on the evidence offered by the Government in its case-in-chief. Accordingly, the Government's Motions (Docket Nos. 730 and 815) are RESERVED until trial. To determine the admissibility of the recording, the Court will hold a jury-out hearing to give the Defendant an opportunity to call witnesses to authenticate the recording, and to argue the purpose and relevancy of the recording and any hearsay exception. The Defendant shall make no reference to the recording until its admissibility is determined.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE