UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 3:11-00194
) JUDGE CAMPBELL
STERLING RENEVA RIVERS )

ORDER

Pending before the Court is the Defendant's Memorandum Of Law In Support Of Petition To Dismiss Indictment Due To Outrageous Government Conduct (Docket No. 1055), and other filings in support of the request to dismiss. (Docket Nos. 1091, 1092, 1093, 1197, 1231, 1255, 1256). The Government has filed several briefs in response to the request for dismissal. (Docket Nos. 1061, 1103, 1179, 1224). The Court has scheduled an evidentiary hearing on the request to dismiss for May 16, 2013.

Through a separate under-seal filing (Docket No. 1274), the Defendant has made requests for the issuance of subpoenas to various individuals to appear at the May 16, 2013 hearing and testify. This has clarified the basis for Defendant's outrageous government conduct motion. In order to rule on the Defendant's requests for subpoenas, the Court must make an initial determination of what proof is relevant to establishing the outrageous government conduct defense. At the May 16 hearing, the Defendant's proof will be limited as set forth herein.

The "outrageous government conduct" defense has its origin in statements of the Supreme Court in United States v. Russell, 411 U.S. 423, 430, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) recognizing that "[w]hile we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely

bar the government from invoking judicial processes to obtain a conviction. . . the instant case is distinctly not of that breed." In applying this defense, the Sixth Circuit has explained that it is "distinct from the affirmative defense of entrapment, which requires the defendant to establish that he was not predisposed to commit the crime." United States v. Warwick, 167 F.3d 965, 974 (6th Cir. 1999). Under the outrageous government conduct defense, the court "looks only at the government's conduct and determines whether it is sufficiently outrageous so as to violate the Constitution." Id. On the other hand, the Sixth Circuit has held that a defendant whose defense sounds in inducement cannot avail himself of the defense because "'government conduct [that] induces a defendant to commit a crime, even if labeled "outrageous," does not violate that defendant's constitutional right of due process.'" Id. (quoting United States v. Tucker, 28 F.3d 1420 (6th Cir. 1994)). The defense is also unavailable where the defendant argues that an "undercover officer's involvement in creating his crime was so significant that criminal prosecution violates due process." Id.

The circumstances under which such a defense would be recognized have been narrowed through decisions by the Sixth Circuit. For example, in United States v. Pipes, 87 F.3d 840, 843 (6th Cir. 1996), the court held that violation of a state statute requiring law enforcement officers to obtain prior judicial approval before using seized contraband in a reverse sting operation "stops far short of violating that 'fundamental fairness, shocking to the universal sense of justice,' mandated by the Due Process Clause of the Fifth Amendment." See also Warwick, 167 F.3d at 975 (defense not available to dismiss firearm charge where undercover officers allegedly induced defendant to accept shotgun in exchange for marijuana); United States v. Mack, 53 F.3d 126 (6th Cir. 1995)(defense not available to dismiss felon in possession of a firearm prosecution

where the informant allegedly requested that the defendant bring a gun to a prearranged meeting).

Defendant's filings, while numerous and somewhat disorganized, generally allege the following conduct in support of the outrageous government conduct defense: (1) The Government's confidential informant, Chris Wharton, revived the Vice Lords gang (after it had ceased operating) and physically and psychologically coerced the Defendant into engaging in the drug and gun crimes for which he is indicted; (2) The Defendant was arrested and indicted in this case to protect a Putnam County Commissioner who had engaged in drug dealing because the Defendant had evidence of that drug dealing, including a recording on his cell phone; (3) Former Wilson County Sheriff's Deputy John Edwards, who has been convicted for obstruction of justice in an unrelated case, was involved in the investigation of the Defendant and tainted this investigation by setting up innocent people; and (4) AUSA Braden Boucek has bribed Defendant's former attorneys and has sabotaged items of evidence in this case.

Under applicable case law, the Defendant's first theory, even if proved, would not establish the outrageous government conduct defense because it alleges that the government's "involvement in creating his crime was so significant" as to violate due process. Warwick, 167 F.3d at 974. Accordingly, the motion to dismiss on this basis is denied. The Defendant may, however, to the extent relevant, explore such alleged conduct of Chris Wharton during cross examination at trial to attempt to show entrapment or other defense, and to impeach his credibility.

As for the Defendant's second theory, the Court concludes that such a theory could potentially establish the outrageous government conduct defense if the Defendant shows that his

3

prosecution was motivated by a desire to protect the Putnam County Commissioner, and not by evidence of the Defendant's guilt of the crimes charged. The Defendant must, as a threshold matter, however, come forward with admissible evidence of law enforcement's motivation. For purposes of the hearing on May 16, 2013, the Court will assume that the Defendant had evidence of alleged drug dealing by the Putnam County Commissioner on June 5, 2011, on his phone or otherwise, when he was arrested. All evidence at the hearing will be limited to the issue of motivation.

As for the third theory, the Defendant has come forward with no credible evidence that former deputy John Edwards tainted the investigation of the Defendant's alleged crimes. The affidavit of inmate Corey Lanier (Docket No. 1274-1) contains only non-specific references to the Vice Lords in Lebanon and to Chris Wharton, and does not mention the Defendant nor does it indicate that evidence related to him was tainted by John Edwards. The Court notes that the Defendant has not requested a subpoena for Mr. Lanier. The Defendant has failed to establish a good faith basis for an evidentiary hearing on this theory, and the motion to dismiss on this basis is denied.

Finally, the Defendant has come forward with nothing but rank speculation and conspiracy theories with regard to the alleged misconduct of AUSA Boucek. The Defendant has failed to establish a good faith basis for an evidentiary hearing on this theory, and the motion to dismiss on this basis is denied.

In conclusion, the hearing on May 16, 2013 will be limited to evidence that the Defendant's prosecution was motivated by a desire to protect a Putnam County Commissioner, and not by evidence of the Defendant's guilt of the crimes charged. To the extent the Court has

already approved the issuance of subpoenas for the May 16, 2013 hearing, the witnesses summoned will be limited to testimony on this issue.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE