UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| STERLING RIVERS | ) | |

ORDER

Pending before the Court is Defendant Rivers' pro se Petition for Change of Venue (Docket No. 1295). The Motion is DENIED.

Defendant Rivers, through the Petition, moves for a change of venue to the Western District of Tennessee. Defendant alleges that he is being prosecuted in the Middle District of Tennessee as part of a coverup of corruption to protect a Putnam County Commissioner. This alleged corruption is the subject of numerous other motions filed by Defendant Rivers. Defendant Rivers asserts that he is "being tried under a sinister plot" and "seeks a change of venue to move away from there [sic] jurisdiction in the attempt to receive a fair trial and fair dismissal hearing." (Docket No. 1295).

The Government has filed a Response in Opposition (Docket No. 1305). The Government argues that crimes must be prosecuted and tried in the District where the offense was committed. The Government also asserts that the Court "should deny the Defendant's Motion because it is supported by nothing other than the Defendant's baseless and oft repeated claims of a government conspiracy." (Docket No. 1305).

Federal criminal cases generally must be prosecuted and tried in the District where the crime was committed. Fed. R. Crim. P. 18; U.S. Const. Art. III, § 2, Cl. 3 and Sixth Amendment. Nothing in Defendant Rivers' Petition provides a credible legal or factual basis for a change of venue. Defendant can, and will, receive a fair trial and pretrial process in this District.

Accordingly, Defendant Rivers' Petition for Change of Venue (Docket No. 1295) is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE