UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| STERLING RENEVA RIVERS | ) | |

ORDER

Pending before the Court are Defendant Allen's Motion To Quash (Docket No. 1277); Defendant Carey's Motion To Quash (Docket No. 1279); Defendant Kevin Thompson's Motion To Quash (Docket No. 1281); Maurice Roger Thompson's Motion To Quash (Docket No. 1290); and Defendant Jackson's Motion To Quash And Request To Resolve The Issue As A Preliminary Matter During The May 16, 2013 Hearing (Docket No. 1299). Through the Motions, the Co-Defendants seek to quash subpoenas, issued by Defendant Sterling Rivers, to appear and testify at the hearing set for May 16, 2013. Each of the Co-Defendants indicate that they have no knowledge regarding the limited subject of the May 16, 2013 hearing: "that Defendant Rivers' prosecution was motivated by a desire to protect a Putnam County Commissioner, and not by evidence of the Defendant's guilt of the crimes charged." (Order issued May 8, 2013, at 4 (Docket No. 1275)).

In an under seal filing (Docket No. 1306), Defendant Rivers suggests that certain Co-Defendants may or may not have information relevant to the existence of a recording of drug dealing by a Putnam County Commissioner. (Docket No. 1306, at ¶¶ 2-7). The Court has already ruled, however, that for purposes of the hearing on May 16, 2013, "the Court will assume that the Defendant had evidence of alleged drug dealing by the Putnam County Commissioner on

June 5, 2011, on his phone or otherwise, when he was arrested." (Docket No. 1275, at 4). Thus, the issue for which the Defendant seeks to call the Co-Defendants is uncontested for purposes of the hearing. Defendant Rivers makes no other credible allegations of relevant testimony to be obtained from these Co-Defendants. Accordingly, the Motions To Quash are GRANTED.

To the extent Defendant Rivers requests reconsideration of the Court's previous rulings denying the issuance of subpoenas to other witnesses listed in the under seal filing (Docket No. 1306), that request is DENIED, as the Defendant has raised nothing new that calls into question the Court's previous rulings (Docket Nos. 1276, 1303). The Defendant's conclusory statements that individuals have information relating to the motivation for his prosecution, without further explanation, are not sufficient to establish that an individual has potentially relevant testimony.

It is so ORDERED.

                                                                                                                                        _____
                                                                   TODD J. CAMPBELL
                                                                  UNITED STATES DISTRICT JUDGE