UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| STERLING RENEVA RIVERS | ) | |

## ORDER

Pending before the Court are the Government's Motion To Quash Subpoenas Of FBI Special Agents Brett Shields And Derrel Martin (Docket No. 1286) and the Defendant's Petition To Compel FBI SA Brett W. Shields Testimony On May 16, 2013 Evidentiary Hearing (Docket No. 1294). Through the Motion To Quash, the Government argues that the subpoenas for Agent Shields and Agent Martin should be quashed because the Defendant has not complied with applicable regulations regarding the testimony of employees of the Department of Justice. See, e.g., 28 C.F.R. §§ 16.21(a)(1), 16.23, 16.26, 16.27, 16.28. The Government contends that the Defendant has failed to comply with the regulatory requirement that the party seeking testimony set forth a summary of the testimony sought. 28 C.F.R. § 16.23(c). According to the Government, the Affidavit (Docket No. 1289) submitted with the subpoenas by the Defendant's elbow counsel is wholly inadequate to satisfy the regulatory requirement.

The Affidavit (Docket No. 1289) states:

4. Mr. Rivers has filed a Motion to Dismiss in this matter which is scheduled to be heard on May 16, 2013. In his motion, Mr. Rivers asserts that Special Agent Shields engaged in conduct which supports the remedies sought therein. Because the allegations in Mr. Rivers's motion relate specifically and directly to Special Agent Shields and because Special Agent Shields is in the best position to provide testimony with regard to the matters asserted therein, Special Agent Shields a

material witness to the matters that will be before the Court on May 16, 2013. Similarly, based upon the Order limiting the scope of the hearing in this matter (Docket Entry 1275), Special Agent Martin is a critical witness in this matter as well.

(Docket No. 1289, at ¶ 4).

In his *pro se* Motion To Compel (Docket No. 1294), the Defendant argues that he should be able to question Agent Shields on direct examination at the May 16, 2013 hearing. In this filing, the Defendant does not specify the relevant information he seeks to obtain from Agent Shields.

The Government's Motion To Quash Subpoenas Of FBI Special Agents Brett Shields And Derrel Martin (Docket No. 1286) and the Defendant's Petition To Compel FBI SA Brett W. Shields Testimony On May 16, 2013 Evidentiary Hearing (Docket No. 1294) are GRANTED in part and DENIED in part. The Affidavit of elbow counsel and the statements of the Defendant in his Motion To Compel fail to set forth an adequate summary of the expected testimony of Agent Shields and Agent Martin. Accordingly, the subpoenas for Agent Shields and Agent Martin to appear and testify at the May 16, 2013 hearing are quashed.

In other filings, however, including those made under seal, the Defendant has set forth an adequate summary of the testimony he expects to obtain from these individuals. Therefore, the Court will provide the Defendant an opportunity to comply with applicable regulatory requirements, and once those requirements are satisfied, will schedule another hearing to take the testimony of Agent Shields and Agent Martin on the issue of whether Defendant Rivers' prosecution was motivated by a desire to protect a Putnam County Commissioner, and not by evidence of the Defendant's guilt of the crimes charged. Another hearing, which could delay the

trial, will be unnecessary if Agents Shields and Martin testify at the May 16, 2013 hearing.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE