UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-00194 |
| | ) | JUDGE CAMPBELL |
| STERLING RENEVA RIVERS | ) | |

ORDER

Pending before the Court are the following motions filed by the parties in this case. The Court rules on the motions as set forth herein.

In the Second Motion In Limine Regarding Impeachment Of Testifying Witnesses (Docket No. 729), the Government seeks to require the Defendant to comply with Federal Rule Of Evidence 609 in cross examining Government witnesses about prior convictions. The Defendant has not filed a response to the Motion. The Motion is GRANTED, as follows: Defendant may impeach the credibility of Government witnesses with their prior convictions pursuant to Rule 609. The Government shall make contemporaneous objections at trial if the Defendant exceeds the scope of Rule 609 as to impeachment by prior conviction.

Through the Sixth Motion In Limine Regarding Anticipated Character Evidence (Docket No. 999), the Government requests that the Defendant be required to comply with applicable law regarding the introduction of character evidence, and that it be allowed to conduct impeachment or introduce evidence in response to such character evidence. The Defendant has not filed a response to the Motion. The Motion is GRANTED, as follows: Defendant shall comply with applicable law with regard to the introduction of character evidence. The Government shall make

1

contemporaneous objections at trial to the extent it believes the Defendant has failed to comply with applicable law.

In the Supplemented Third Motion In Limine To Exclude Purported Extortion Call (Docket No. 1035), the Government seeks to exclude a voicemail recording that Co-Defendant Smith claims he received on his cell phone in which an FBI agent allegedly threatened to send him to jail for life if he did not deliver a million dollars. In his Responses (Docket Nos. 1090, 1366, 1368), the Defendant argues that he heard the recording and took certain actions as a result.

The Motion is RESERVED until trial. To determine the admissibility of the recording, the Court will hold a jury-out hearing to give the Defendant the opportunity to call witnesses to authenticate the recording, and to argue the purpose and relevancy of the recording and any hearsay exception. The Defendant shall make no reference to the recording until its admissibility is determined.

In the Seventh Motion In Limine To Prohibit Sovereign Citizen Defense (Docket No. 1036), the Government seeks an order prohibiting the Defendant from raising at trial the theories that he is a "sovereign citizen" and a "natural person" not subject to the laws of the United States. The Defendant has not filed a response to the Motion. The Motion is GRANTED, as the "sovereign citizen/natural person" language used by the Defendant in his writings and in presentations to the Court is not a defense to the charges, and is not relevant to the issues at trial. In any event, pursuant to Fed. R. Evid. 403, the probative value of such evidence is substantially outweighed by a danger of undue prejudice, confusing the issues, or misleading the jury.

Through the Eighth Motion In Limine To Introduce Prior Conviction For Criminal

Impersonation (Docket No. 1037), the Government requests to impeach the Defendant, if he elects to testify at trial, with his prior conviction for criminal impersonation. The Government takes the position that the prior conviction is admissible *per se* under Fed. R. Evid. 609(a)(2) because it is a crime of dishonesty. The Defendant has not filed a response to the Motion. The Motion is GRANTED, as the prior conviction is a crime of dishonesty under Rule 609(a)(2). Although Rule 403 balancing is not required, the Court finds that the probative value of the evidence is not substantially outweighed by unfair prejudice.

Through the Petition In Limine To Prohibit SA Brett Shields Rambling Testimony During Trial (Docket No. 1352), the Defendant seeks to prohibit Agent Brett Shields from "rambling out of context" when the Defendant questions him at trial. The Motion is DENIED. The Court is unable to determine what the Defendant considers objectionable "rambling" testimony before the testimony is offered. The Defendant shall make contemporaneous objection at trial to testimony he considers inadmissible.

In the Petition For Notice Of 404(b) "Other Acts" Evidence (Docket No. 1353), the Defendant requests notice from the Government as to any "other acts" evidence it intends to introduce at trial. In its Response (Docket No. 1386, at 5), the Government indicates that it gave such notice to the Defendant in a letter dated May 31, 2012. The Petition is DENIED, based on the Government's response. The Defendant shall make contemporaneous objections at trial to any evidence he believes is inadmissible, or for which he has not received notice as required by law.

Defendant's First Petition To In Limine To Exclude "Other Acts" Evidence (Docket No. 1354) seeks an order, pursuant to Fed. R. Evid. 404(b), prohibiting the Government from

3

introducing the following evidence:

> – In January of 2011, Jermaine Jackson, Sterling Rivers and Kevin Thompson brandished guns and ordered Goerge Donnell out of his car. Donnell was a drug addict who owed them $100 for drugs. When Donnell did not have any money, Jackson struck him on the head with a pistol and then Rivers hit him on the head with a pistol.

(Docket No. 1354-1, at 2 (Exhibit 1 to First Petition)). In its Response (Docket No. 1386), the Government argues that this evidence is not subject to Rule 404(b) because it is proves the use of firearms in furtherance of drug trafficking crimes, and is therefore, relevant to the charges in this case. The Petition is DENIED. The evidence challenged by the Defendant is not subject to Rule 404(b) because it is within the scope of the conspiracy charged in Count One, and is otherwise intrinsic to the crimes charged.

In the Second Petition To In Limine To Prohibit The Government From Using The 3rd Cell Phone Confiscated On 6-5-11 To It's (sic) Advantage (Docket No. 1355), the Defendant seeks to prohibit the Government from introducing a third cell phone that was seized during a traffic stop on June 5, 2011 because the chain of custody has not been established. In its Response (Docket No. 1386), the Government argues that the evidence is admissible and will be properly authenticated at trial. The Petition is DENIED. The Defendant's objections go to the weight of the evidence, not to its admissibility. To the extent the Defendant believes the Government has failed to establish the admissibility of the evidence when it is offered at trial, he shall make a contemporaneous objection.

Through the Petition To In Limine (sic) Manner And Means Of The Conspiracy (Docket No. 1358), the Defendant seeks to redact from the Fourth Superseding Indictment the section entitled "Manner and Means of the Conspiracy." The Defendant contends that this section is

4

mere surplusage, and will prejudice him before the jury.  In its Response (Docket No. 1386), the Government argues that the language is not surplusage because it outlines the proof the Government intends to present at trial.  In denying a similar request from Co-Defendant Smith, the Court stated:

> Defendant Smith's Motion in Limine No. 5 (Manner and Means of Conspiracy) (Docket No. 755) seeks to strike the section of the Third Superseding Indictment entitled "Manner and Means of the Conspiracy."  The Motion is DENIED.  The section at issue helps to organize and explain the charges against the Defendant.

(Docket No. 839, at 1-2).  None of the arguments made in Defendant Rivers' Petition lead the Court to change its prior ruling. Accordingly, the Petition is DENIED for the same reasons set forth in the prior ruling.

In the Petition For Leave To File Further Petitions In Limine As Trial Makes Necessary (Docket No. 1359), the Defendant appears to seek permission to make objections during the course of the trial.  The Petition is GRANTED to the extent the Defendant seeks to make contemporaneous objections at trial.

Through the Petition To In Limine Prohibiting The Government And It's (sic) Witnesses From Referring To The Vanelli Starks Shooting (Docket No. 1360), the Defendant argues that introduction of evidence regarding the Vanelli Starks shooting violates Rule 404(b). In its Response (Docket No. 1386), the Government argues that this evidence is not subject to Rule 404(b) because it is relevant to the drug conspiracy charge and the firearms charges.  The Petition is DENIED.  The evidence challenged by the Defendant is not subject to Rule 404(b) because it is within the scope of the conspiracy charged in Count One, and is otherwise intrinsic to the crimes charged.

Through the Motion To Enforce Motions Deadline (Docket No. 1362), the Government requests an order prohibiting the Defendant from filing new motions in violation of the pretrial motion filing deadline. In his response, "Notice Of Filing" (Docket No. 1388), the Defendant contends that his motions in limine are not untimely, and that the Government has not otherwise been prejudiced. The Motion To Enforce Motions Deadline (Docket No. 1362) is DENIED. The Government shall identify specific motions in challenging timeliness.

Through the Petition In Limine Gang Expert With Referenced Memorandum Of Law (Docket No. 1395), the Defendant seeks to prohibit the Government from introducing testimony from a gang expert at trial, and incorporates a similar Motion filed by Co-Defendant Smith (Docket No. 823). In its Response (Docket No. 1405), the Government opposes the request, relying on the Court's denial of Co-Defendant Smith's Motion.

In denying Co-Defendant Smith's Motion, the Court ruled as follows:

> Through the Motion in Limine No. 7 (Gang Expert) (Docket No. 823), Defendant Smith seeks to preclude the Government from advancing a gang expert at the trial of this matter. In its Response (Docket Nos. 785, 797), the Government argues that the inner workings of the Vice Lords gang is relevant and that its experts are properly qualified. The Motion is DENIED. The methods and history of the Vice Lords gang are relevant and will assist the jury. The Court finds that the Government's experts – Daly, Desarno, and Shields – are qualified under Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), based on the Supplement filed by the Government. (Docket No. 797). If a witness testifies as to both facts and expert opinion, the Court will give an appropriate instruction to the jury.

(Docket No. 835, at 8). None of the arguments made in Defendant Rivers' Petition lead the Court to change its prior ruling. Accordingly, the Petition is DENIED for the same reasons set forth in the prior ruling.

In the Petition For Pre-Trial Hearing On The Existence Of A Conspiratorial Agreement

And The Connection Hereto Of The Petitioner (Docket No. 1396), the Defendant seeks an order requiring a pretrial hearing on the admissibility of co-conspirator statements. In its Response (Docket No. 1405), the Government opposes the request.

In ruling on a similar motion by Co-Defendant Smith, the Court stated:

> – Monique Smith's Motion For Jury-Out *Enright* Hearing (Docket No. 449), Memorandum Of Law In Support (Docket No. 450), and the Government's Response (Docket No. 478). Through this Motion, the Defendant requests that the Court hold an evidentiary hearing two weeks prior to trial to determine the admissibility of all co-conspirator statements the Government seeks to introduce under Rule 801(d)(2)(E) of the Federal Rules of Evidence. The Government argues that the Court should make the admissibility determination at trial, pointing out that a pretrial evidentiary hearing would be lengthy given the conspiracy proof it intends to offer, and noting that such a hearing would require early disclosure of cooperating co-conspirators leading to concerns for witness safety. The Government also points out that the Defendant has not identified any specific objectionable statements, and notes that certain co-conspirator statements may be admitted through other evidentiary rules.
>
> The Court concludes that the Defendant's Motion for Jury-Out *Enright* Hearing (Docket No. 449) should be DENIED, as the Court will follow the procedure used by the district court approved in United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), through which the court admitted the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. See United States v. Robinson, 390 F.3d 853, 867-68 (6th Cir. 2004)('[W]e have long recognized the trial court's prerogative to conditionally admit co-conspirator statements "subject to later demonstration of their admissibility by a preponderance of the evidence."')

(Docket No. 482, at 4-5). None of the arguments made in Defendant Rivers' Petition lead the Court to change its prior ruling. Accordingly, the Petition is DENIED for the same reasons set forth in the prior ruling.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE